# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL ROY HARRIS, ET AL.,**<br>Plaintiffs,<br>vs.<br>**CBS CORPORATION, ET AL.,**<br>Defendants. | CASE NO. 18-cv-07572-YGR<br><br>**ORDER GRANTING MOTION FOR REMAND**<br>Re: Dkt. No. 37 |

Plaintiffs Michael Roy Harris and Elsie Harris bring this personal injury and loss of consortium lawsuit against defendants CBS Corporation, Allied Fluid Products Corp, Foster Wheeler LLC, General Electric Company, IMO Industries Inc., Ingersoll-Rand Company, and Does 1 through 100. (Dkt. No. 1-1, at ECF 5-17 ("Compl.").) Plaintiffs allege three causes of action for strict products liability, negligence, and fraud. (*See id.* at 3, 6, 8.) Specifically, plaintiffs allege that Michael Harris developed malignant mesothelioma due to asbestos exposure resulting from his work at two U.S. Navy shipyards and while serving in the U.S. Navy. (*Id.* at 2.) Plaintiffs filed their initial complaint in the Superior Court of California, County of Alameda on May 25, 2018. (*Id.* at 1.) Over six months later, on December 17, 2018, defendant Ingersoll-Rand Company ("IR") removed the case to this Court. (Dkt. No. 1 ("Removal").)

Now before the Court is plaintiffs' motion to remand.[1] (Dkt. No. 37-1 ("Remand").) Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **GRANTS** plaintiffs' motion to remand.

---

[1] The Court has reviewed the papers submitted by the parties in connection with plaintiffs' motion to remand. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly, the Court **VACATES** the hearing scheduled for February 26, 2019.

## I. BACKGROUND

Plaintiffs filed the instant action in the Superior Court for Alameda County on May 25, 2018. (*See* Compl.) The complaint included allegations that Harris suffered asbestos exposure as a: (i) "fireman/boiler tender serving in the United States Navy aboard the *U.S.S. Mispillion* (AO-105) from 1966 through 1968[;]" (ii) "sheet metal worker/pipefitter at Hunters Point Naval Shipyard . . . in 1966 and from 1968 through 1973[;]" and (iii) "shipfitter/pipefitter/pipefitter foreman at Mare Island Naval Shipyard . . . from 1973 through 1995." (*Id.* at 2.) Along with the complaint, plaintiffs filed a Preliminary Fact Sheet. (Dkt. No. 1-1, at ECF 18-21 ("Fact Sheet").)

On June 25, 2018, IR answered plaintiff's complaint. (Dkt. No. 37-2, Ex. C.) Therein, IR pleaded "Government Contractor Defense" as an affirmative defense pursuant to *Boyle v. United Technologies Corp.* (*Id.* at 5 (citing 487 U.S. 500 (1988).) On June 28, 2018, IR responded to plaintiffs' first set of interrogatories and in so responding admitted that it has manufactured "pumps and compressors, some of which, during limited periods of time, may have had internal part(s) such as gaskets or seal packing materials, manufactured by third parties, that contained encapsulated asbestos fibers." (Dkt. No. 37-2, Ex. E at 12-14.)

On July 26, 2018, plaintiffs responded to defendants' Joint Defense Interrogatories. (Dkt. No. 1-2 ("Plaintiffs' Responses").) Therein, Interrogatory No. 29 asked plaintiffs to identify, for each of Harris' employers, his job title, his start and end dates, and whether plaintiffs claim asbestos exposure at that particular employment. (*See* Dkt. No. 37-3, Ex. A ("Joint Def. Inter.") at 21.) In response, plaintiffs stated, in part, that Harris was exposed to asbestos while he (i) served in the Navy Reserves from 1965-1966, (ii) worked as a shipfitter aboard ships and submarines at Hunters Point Naval Shipyard in 1966 and from 1968 to 1973, (iii) worked at Triple A Machine Shop in 1972, and (iv) worked at Mare Island Naval Shipyard including as a pipefitter who spent most of his time aboard submarines, from 1973 to 1995. (Plaintiffs' Responses at 10-11.)

Interrogatory No. 30 asked plaintiffs to identify, for each employment during which plaintiffs claim Harris suffered exposure to asbestos, the "names of all ships upon which [he] worked," and the "type of asbestos-containing materials to which [he was] exposed." (Joint Def. Inter. at 23-24.) In response, plaintiffs identified the names of several ships and submarines on

2

which Harris worked at Hunters Point[2] and Mare Island[3] Naval Shipyards. (Plaintiffs' Responses at 10-11.) Further, plaintiffs stated that Harris experienced exposure to "[a]ll types of asbestos-containing products including but not limited to the following: pipe covering block, cement, cloth, packing and gaskets." (*Id.* at 12.) Through July 26, 2018, none of plaintiffs' papers mention IR pumps or any other IR product by name in relation to Harris' asbestos exposure. (*See* Compl., Fact Sheet, Plaintiffs' Response).)

On September 5, 2018, counsel for IR, Carla Crochet, contacted plaintiffs' counsel, Matthew Thiel, to discuss this and other cases against IR. (*See* Dkt. No. 37-3, Ex. C.) On September 12, 2018, Crochet and Thiel exchanged emails in response to Crochet's September 5 inquiry. (*See* Dkt. No. 37-3, Ex. D ("Sept. 12 Email").) Thiel wrote "Harris – Hunters Point, then Navy, then Mare Island; still working on which ships." (*Id.* at 2.) In response, Crochet wrote, "Do you happen to know what products for Harris? The docs are really vague, so I am not sure what is at issue." (*Id.* at 1-2.) Thiel replied, "Typically for Harris, it will be pumps; but we are still trying to determine which ships he worked on." (*Id.* at 1.) Crochet answered, "Thank you!" (*Id.*)

On November 16, 2018, plaintiffs responded to IR's Special Interrogatories, Set One. (Dkt. No. 1-3 ("Special Responses").) Therein, plaintiffs explicitly state that Harris worked with or around *IR pumps and compressors* over the course of his Navy career as a shipfitter, sheet metal worker, and pipefitter (i) aboard various ships including the *USS Mispillion* and (ii) at Hunters Point Naval Shipyard in 1966 and 1968 through 1973 and at Mare Island Shipyard from 1973-1995. (*Id.* at 2 (emphasis supplied).)

IR filed their notice of removal of the case to this Court on December 17, 2018, asserting

---

[2] The ships include the *USS Hoel* (DDG-13), the *USS Enterprise* (CVN-65), the *USS Ranger* (CV-61), the *USS Midway* (CV-41), and the *USS Capitaine* (SS-336). (Plaintiffs' Response at 10.)

[3] The ships include the *USS Barbel* (SS-580), the *USS Barb* (SSN-596), *USS Mariano G. Vallejo* (SSBN-658), the *USS Parche* (SSN-683), the *USS Flasher* (SSN-613), the *USS Pollack* (SSN-603), the *USS Dace* (SSN-607, the *USS Seawolf* (SSN-575), and the *USS Richard B. Russell* (SSN-687). (Plaintiffs' Response at 11.)

federal officer jurisdiction under Section 1442(a)(1). (Removal at 4 (citing 28 U.S.C. § 1442(a)(1).) Therein, IR asserts that it timely filed its notice of removal as it so filed within thirty days after the defendant received plaintiffs' responses to IR's Special Interrogatories, Set One, which constituted "other papers" under Section 1446(b)(3). (*Id.* at 2-4.) Plaintiffs filed the instant motion to remand on January 15, 2019. (Remand.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Section 1442(a)(1) provides for federal jurisdiction and removal where a defendant and moving party has been sued for acts undertaken at the direction of a federal officer. 28 U.S.C. § 1442(a)(1); *see Mesa v. California*, 489 U.S. 121, 124-25 (1989). The Supreme Court "has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of [Section] 1442(a)(1).'" *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)) (alteration supplied).[4]

A party seeking removal under Section 1442 "must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a casual nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999)).

Section 1446 dictates the procedure pursuant to which a moving party may remove a case on the grounds that federal officer jurisdiction exists under Section 1442(a)(1). *See* 28 U.S.C. §1446(b); *see also Durham*, 445 F.3d at 1253 (applying timeliness constraints of Section 1446 to removal of an action pursuant to federal officer jurisdiction under Section 1442(a)(1)). Under Section 1446(b)(1), a moving party must file a notice of removal within 30 days after either (i) the

---

[4] *C.f. Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting that any doubts as to the right of removal must be resolved in favor of remanding to state court where Section 1441 serves as the basis for removal).

4

receipt of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based; or (ii) the service of summons upon the defendant if such initial pleading has then be filed in court and is not required to be served on the defendant, whichever is shorter. *Id.* § 1446(b)(1). Section 1446(b) also provides that when "the case stated by the initial pleading is not removable," a moving party may file a notice of removal within 30 days after receipt "of a copy of an amended pleading, motion, order or ***other paper*** from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3) (emphasis supplied).

### III. ANALYSIS

Parties do not, at this juncture, contest the existence of federal officer jurisdiction under Section 1442(a)(1) but disagree only as to the timeliness of IR's notice of removal. (*See* Remand.) Plaintiffs contend that that defendants, including IR, first received an other paper from which it may first be ascertained that the case is one which is or has become removable at least as early as the September 12, 2018 email exchange and therefore was required file its notice of removal within 30 days thereof, or by October 12, 2018.[5] (*Id.* at 5 (citing 28 U.S.C. § 1446(b)(3).) Based thereupon, plaintiffs argue that IR's December 17, 2018 notice of removal was untimely under Section 1446 and therefore the Court should remand the case the state court. (*Id.* at 5-6.)

IR responds that because the September 12, 2018 email exchange did not unequivocally and "clearly put IR on notice that the products at issue here include IR Navy pumps[,]" those emails did not trigger the 30-day removal period. (Dkt. No. 43 ("Opp.") at 13.) IR further avers that because plaintiffs' November 16, 2018 Responses to Defendant IR's Special Interrogatories constituted the "first unequivocal assertion that Mr. Harris had, in fact, been exposed to asbestos from an IR Navy pump or an IR Navy compressor[,]" IR's notice of removal filed on December 17, 2018 was timely. (*Id.* at 15.)

---

[5] An email exchange by counsel can constitute an "other paper" sufficient to form the basis for removal under Section 1446. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (holding that a letter that put defendant on notice as to the amount in controversy constituted Section 1446 notice for the purpose of removal to federal court); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007) (noting that courts have held "numerous types of documents" to qualify as "other paper," including letters and emails).

In the Ninth Circuit, if the initial pleading does not "affirmatively reveal[] on its face the facts necessary for federal court jurisdiction[,] . . . the thirty-day clock doesn't begin ticking until a defendant receives a copy of an amended pleading, motion, order or other paper ***from which it can determine*** that the case is removable."[6] *Durham*, 445 F.3d at 1250 (citing 28 U.S.C. § 1446(b)) (internal quotations omitted) (emphasis supplied). Although a defendant "need not engage in guesswork" or research on whether a basis for removal exists, Section 1446(b) "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability."[7] *Kauxhausen v. BMW Fin. Servs.*, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal citations omitted).

The cumulative effect[8] of plaintiffs' papers through September 12 provided notice that:

(1) Harris' alleged asbestos exposure occurred during his employment as a (i)"fireman/boiler tender serving in the United States Navy aboard the *USS Mispillion* (AO-105) from 1966 through 1968;" (ii) "sheet metal worker/pipefitter at Hunters Point Naval Shipyard . . . in 1966 and from 1968 through 1973;" and (iii) "shipfitter/pipefitter/pipefitter foreman at Mare Island Naval Shipyard . . . from 1973 through 1995;" (Compl. at 2)

(2) during that employment Harris worked on a number of ships including the *USS Barb*, the *USS Midway*, the *USS Hoel*, and the *USS Capitaine*; (Plaintiffs' Responses at 10-11)

(3) Harris allegedly suffered exposure to "[a]ll types of asbestos-containing products including but not limited to the following: pipe covering block, cement, cloth, packing and gaskets." (*Id.* at 7-8, 12); and

(4) of IR's products, Harris typically worked with pumps. (Sept. 12 Email at 1.)

---

[6] The Court notes that IR mis-quotes the Ninth Circuit in *Durham* to say that "a plaintiff's pleading or 'other paper' can only trigger the removal period if it "affirmatively reveals on its face' the grounds for removal." (Opp. at 10 (citing *Durham*, 445 F.3d at 1250).)

[7] The Court declines to adopt the "clear and unequivocal" standard for which IR advocates. (Opp. at 10 (citing *Akin v. Ashland Chem Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).) Nor does the Court find persuasive IR's assertion that a "paper" can only trigger the 30-day timeline if it so states a claim "on *its* face[.]" (*Id.* (emphasis supplied).)

[8] The Court is unpersuaded by IR's attempt to bifurcate plaintiffs' papers by stating that the papers submitted prior to the September 12, 2018 email exchange "were insufficient as a matter of law to trigger the running of the removal period" and then asserting that "sole question presented" by plaintiffs' motion is whether the email exchanged on September 12, 2018 "were sufficient to trigger the removal period." (Opp. at 13.)

Based on this information, IR could have ascertained that a casual nexus existed between its actions undertaken at the direction of a federal officer, namely developing and manufacturing pumps used on U.S. Navy vessels, including the *USS Mispillion* (1966-1968), as well as in U.S. Navy Shipyards at Hunters Point (1966, 1968-1973) and Mare Island (1973-1995), and plaintiffs' claims of asbestos exposure working aboard those vessels and within those shipyards as a fireman/boiler tender, sheet metal worker/pipefitter, and/or shipfitter/pipefitter/pipefitter foreman.[9] *See Durham*, 445 F.3d at 1251. Therefore, IR could have determined, at least as early as September 12, 2018, that the instant case was removable to federal court pursuant to federal officer jurisdiction under Section 1442(a)(1), and IR's filing of a notice of removal well after the 30-day period, which began on September 13, 2018 pursuant to Section 1446(b)(3), is untimely.[10]

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** plaintiffs' motion to remand. Clerk of Court to remand this action to Alameda County Superior Court. This Order terminates Docket No. 37.

**IT IS SO ORDERED.**

Dated: February 25, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[9] IR's opposition is further undermined by the fact that the information to which it points in its notice of removal as coming to light "for the first time" and therefore supporting timeliness of its notice does not differ substantially from the information provided by plaintiffs' papers through September 12, 2018. (*Compare* Removal at 4 (citing Special Responses at 2) ("Plaintiffs' response identify *for the first time* [IR] pumps and compressors as the products at issue. Secondly, [p]laintiffs' responses *for the first time* reveal that Mr. Harris worked with or around [IR] pumps and compressors over the course of his Navy career aboard the *USS Mispillion* (1966-1968) and as a shipfitter, sheet metal worker, and pipefitter at Hunters Point Naval Shipyard (1966 and 1968-1973) and Mare Island Naval Shipyard (1973-1955) (and at no other site)." (emphasis in original)) *with supra* at 6:9-19 – 7:1-6.) Accordingly, the only new information provided by the November 12, 2018 special responses was that IR's compressors were at issue, in addition to IR's pumps.

[10] IR's reliance on *Romulus*, *Rosetto*, *Rowe*, *Lovern*, and *Sweet* are inapposite because, in addition to their lack of binding effect on this Court, this analysis does not depend on IR's knowledge nor does it require IR to look beyond the "four corners" of plaintiffs' pleading and "other papers." (Opp. at 10-11 (citing *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74 (1st Cir. 2014); *Rosetto v. Oaktree Capital Mgmt.*, 664 F.Supp.2d 1122, 1128-29 (D. Haw. 2009); *Rowe v. Marder*, 750 F.Supp. 718, 721 (W.D. Pa. 1990) *aff'd without op.*, 935 F.2d 1182 (3d Cir. 1991); *Lovern v. General Motors Cop.*, 121 F.3d 160, 162 (4th Cir. 1997); *Sweet v. United Parcel Serv.*, No. CV 09-02653 DDP (RZx), 2009 WL 1664644, at *5 (C.D. Cal. June 15, 2009)).)